Law Offices of
VIJAYANT PAWAR
35 Airport Road, Suite 330
Morristown, New Jersey 07960
Tel.: (973) 267-4800
Fax: (973) 215-2882
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------x
Ms. HAZEL RICHARDSON as administratrix of the
ESTATE of her son MR. RICKIE ALLEN
GOLDWARE on her behalf and on behalf of her
deceased son,

                              Plaintiff,

        -against-

THE STATE OF NEW JERSEY, DEPARTMENT
OF CORRECTIONS, EAST JERSEY STATE
PRISON, COMMISSIONER GEORGE HAYMAN,
ADMINISTRATOR MIKE POWER, INVESTIGATOR
GERALDO ALDAJUSTE, JOHN AND JANE DOES
1-25 (yet to be identified and presently unknown
Government personnel and entities).

                              Defendants.
------------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

      Plaintiff Ms. Hazel Richardson (hereinafter "Ms. Richardson"), as Administratrix of the Estate of her son Mr. Goldware Allen Goldware (hereinafter "Mr. Goldware"), and on her own behalf, by her attorneys Law Offices of Vijayant Pawar, for her Complaint alleges as follows:

**PRELIMINARY STATEMENT**

      1.      On April 22 and 23, 2007, Mr. Goldware, a physically healthy thirty-nine (39) year-old man died inside the East Jersey State Prison ("Prison"). This Complaint arises from

these tragic, outrageous, and unlawful acts by the defendants. Ms. Richardson seeks compensatory and punitive damages, costs, disbursements and attorneys' fees pursuant to applicable state and federal civil rights law.

## THE PARTIES

2. Mr. Goldware was killed by the staff at East Jersey State Prison, Rahway, New Jersey. All of the events giving rise to the Complaint, including the death of Mr. Goldware took place in New Jersey.

3. Ms. Richardson is Mr. Goldware's mother and, on March 13, 2009, she became the administratrix of his estate.

4. Defendant State of New Jersey Department of Corrections ("DOC") is a governmental entity formed within the State of New Jersey to house inmates and detainees. Defendant Commissioner George W. Hayman is in charge of the DOC East Jersey State Prison during and after the events giving rise to this complaint. Commissioner Hayman is sued in his individual and official capacities. Defendant Administrator Mike Power is the administrator/ in charge of the East Jersey State Prison during and after the events giving rise to this complaint and is sued in his individual and official capacities. The DOC is organized and existing under the laws of the State of New Jersey and operates a number of jails. The DOC, through its senior officials at the central office, in each facility, and in its specialized units, promulgates and implements policies, including those with respect to the use, reporting and investigation of force by uniformed staff, and access to medical and other program services mandated by local law and court orders. In addition, senior officials in the DOC are aware of and tolerate certain practices by subordinate employees in the jails, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture

of the agency, constitute unwritten DOC policies or customs. The DOC is also responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein.

5. At all times relevant hereto, the individual defendants were acting in the capacity of agent, servant, and employee of DOC, within the scope of their employment as such, and acting under color of state law. Upon information and belief, certain individual defendants were responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and were responsible for the training, supervision, and conduct of all DOC personnel, including the defendants referenced herein.

6. At all times relevant hereto, defendant DOC Officers John and Jane Does #1-25 (the "DOC Doe Defendants"), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe" and "Jane Doe," were uniformed correction and medical staff employed by the DOC, acting in the capacity of agents, servants, and employees of defendant State, and within the scope of their employment as such.

## JURISDICTION AND VENUE

7. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988 and the New Jersey state common law and constitution.

8. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of supplemental jurisdiction.

9. The acts complained of occurred in the District of New Jersey and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

10. During his short life, Mr. Goldware is alleged to have battled mental illness. At the time of his death, he was under the custody and control of the DOC.

11. Mr. Goldware was incarcerated inside the prison and was classified as a psychiatric patient.

12. The defendants failed to adequately diagnose Mr. Goldware and in fact subjected him to unconscionable treatment.

13. Defendants' treatment of Mr. Goldware culminated to the point that defendants beat him and strapped him to a chair and forcefully medicated him.

14. Defendants' use of force against Mr. Goldware and failure to adequately treat him, caused his death on April 23, 2007.

15. Defendants failed to adequately investigate his death and merely cited "excited delirium" as the cause of his death.

16. Defendants failed to investigate that Mr. Goldware was beaten by the staff just prior to his death.

17. Moreover, upon information and belief, defendants had a camera installed in the prison cell where plaintiff was confined and could have clearly intervened, recorded and/or investigated the incident.

18. In the period between the assault and his death, Mr. Goldware experienced conscious pain and suffering from the beating he received.

19. As a direct and proximate result of defendants' actions, Mr. Goldware suffered severe physical and emotional injury, pain and suffering, and was deprived of his life.

20. The individual defendants' conduct was malicious and sadistic, and manifested deliberate indifference to Mr. Goldware's rights and physical well-being.

21. The acts of the individual defendants were reckless, willful, wanton, and malicious, thus entitling plaintiff to an award of punitive damages.

22. Prior to and at the time of the assault on Mr. Goldware, there existed in the DOC a pattern and practice of physical abuse of inmates by uniformed staff assigned to these jails. This pattern of physical abuse, the failure to conduct unbiased and thorough investigations of use of force incidents, and to discipline staff meaningfully and promptly for misconduct and the long-standing failure or refusal to supervise uniformed staff, including supervisory staff, were so institutionalized as to constitute a policy or custom of abuse and cover-up that has caused the deprivation of Mr. Goldware's constitutional rights.

23. For decades, through reports and civil litigation, DOC has been aware of the routine, dangerous and unconstitutional use of excessive force by staff at individual facilities in the large DOC.

24. Through all these cases and Department reports, DOC and its supervisors, including the supervisory defendants, have been made aware of the widespread practice by correction officers of using excessive and/or unnecessary force to injure, and not restrain, inmates. They have also been made aware of the failures of DOC's Investigation Division to adequately investigate allegations of misconduct and of the *de facto* refusal of the Department to bring effective disciplinary charges against its correction officers to promote institutional reform and protect the safety of prisoners confined in DOC custody.

25. The DOC and the supervisory defendants cannot credibly contend that they are unaware of the pattern of abuse that occurs with regularity in jails and the failure of the DOC to take sufficient measures to investigate and discipline this abuse.

26. The DOC and the supervisory defendants have not taken sufficient steps to curb the abuse that occurs on a daily basis in jails. Indeed, they allow that abuse to persist through inadequate investigations of allegations of misconduct and the failure to discipline officers in the face of obvious wrongdoing.

27. On March 13, 2009, the Surrogate's Court of the County of New York issued letters of administration of Mr. Goldware Allen Goldware's estate to Ms. Richardson.

28. Ms. Richardson, in her own right, suffered emotional injuries, was deprived of her son's future services in all respects, including but not limited to the loss of love, comfort, society, attention, services and support..

29. Within ninety days after the claims alleged in this Complaint arose, a written notice of claim, sworn to by the claimant, was served upon the defendants.

## **AS AND FOR A FIRST CLAIM FOR RELIEF**
42 U.S.C. § 1983
(Against All Supervisory and Individual Defendants)

30. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

31. By reason of the foregoing, and by assaulting, beating, and using gratuitous, excessive, sadistic, and unconscionable force against Mr. Goldware, and failing to provide adequate medical care, resulting in his death, and failing to prevent the officer defendants from doing the same, the individual defendants, and the Doe Defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in

violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution to be free from gratuitous and excessive force, and failing to provide adequate medical care and from cruel and unusual punishment.  These defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights.

32. Defendants knew and/or know that the pattern of physical abuse described above existed in the DOC jails prior to and including the time of the assault on Mr. Goldware. Their failure to take measures to curb this pattern of brutality and failing to provide adequate medical care constitutes acquiescence in the known unlawful behavior of their subordinates. The prevalence of these practices and general knowledge of their existence at the time of Mr. Goldware's death, and the failure of these defendants to take remedial action despite the fact that the misuse of force, failure to adequately provide medical care in DOC jails had been persistently brought to their attention, constitutes deliberate indifference to the rights and safety of the inmates in their care and custody, including Mr. Goldware. The supervisory defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this Complaint. These defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights.

33. In addition, upon information and belief, defendants conspired among themselves to deprive Mr. Goldware of his constitutional rights secured by 42 U.S.C. § 1983, and by the Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy.

34. The individual defendants and the supervisory defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their

respective employments as DOC officers and supervisors. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Eighth and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Mr. Goldware sustained the damages hereinbefore alleged.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
42 U.S.C. § 1983/Fourteenth Amendment
(Against Defendant State)

36. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

37. Defendant State, through DOC, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation and failing to provide adequate medical care by DOC correction officers at the time of plaintiff's beating and death. This widespread tolerance of correction officer abuse of prisoners constituted a municipal policy, practice or custom and led to plaintiff's death.

38. By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which plaintiff was subjected to a brutal beating and did not get adequate medical care and died, defendant State has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourteenth Amendment to be free from gratuitous and excessive force.

39. As a direct and proximate result of the policy, practice and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
Assault and Battery
(Against All Defendants)

40. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

41. In physically assaulting and killing Mr. Goldware, the individual defendants, acting in their capacities as DOC officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

42. The assault and battery by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers constituted an unreasonable and excessive use of force.

43. Defendant State, by its officers, agents, servants, and employees, was reasonable for plaintiff's assault and battery. Defendant State, as employer of each of the individual and DOC Doe Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
Wrongful Death
(Against All Defendants)

45. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

9

46. By reason of the foregoing, and in light of the extensive physical injuries found present on his body at the time of the autopsy, Mr. Goldware experienced conscious pain and suffering prior to his death.

47. By reason of the foregoing, the statutory distributes of Mr. Goldware's estate sustained pecuniary and non-economic loss resulting from the loss of love, comfort, society, attention, services and support. Defendants are liable to plaintiff for the wrongful death of Mr. Goldware.

48. As a consequence, plaintiff has suffered damages in an amount to be determined at trial.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
Negligent hiring/training/discipline/retention of Employment Services
(Against Defendant State)

49. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

50. Defendant State, through the DOC, owed a duty of care to Mr. Goldware to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

51. Upon information and belief, all of the individual defendants and DOC Doe Defendants were unfit and incompetent for their positions.

52. Upon information and belief, Defendant State knew or should have known through the exercise of reasonable diligence that the individual defendants and DOC Doe Defendants were potentially dangerous.

53. Upon information and belief, defendant State's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused plaintiff's injuries and death.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**
42 U.S.C. § 1983/Due Process
Brought in Ms. Richardson's Individual Capacity
(Against All Individual Defendants)

55. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

56. Ms. Richardson, in her individual capacity and as Mr. Goldware's mother, had a liberty interest in his familial companionship and society.

57. By reason of the foregoing and by killing Mr. Goldware, defendants are liable to plaintiff in her individual capacity for depriving her of this liberty interest without due process of law.

58. As a consequence, plaintiff, Ms. Richardson, in her individual capacity, has suffered damages in an amount to be determined at trial.

**AS AND FOR A SEVENTH CLAIM FOR RELIEF**
New Jersey State Constitution
Brought in Ms. Richardson's Individual Capacity
(Against All Defendants)

59. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

60. Ms. Richardson, in her individual capacity and as Mr. Goldware's mother, had a liberty interest in his familial companionship and society.

61. By reason of the foregoing and by killing Mr. Goldware, defendants are liable to plaintiff in her individual capacity for depriving her of this liberty interest without due process of law, thus depriving her of rights, remedies, privileges, and immunities guaranteed by the New Jersey Constitution.

62. Defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their respective employments as State and/or DOC officers, agents, or employees. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.

63. Defendant State, by its officers, agents, servants, and employees, was responsible for the deprivation of Ms. Richardson's state constitutional rights. Defendant State, as employer of each of the individual defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR AN EIGHTH CLAIM FOR RELIEF**
New Jersey State Constitution
(Against All Defendants)

65. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

66. By reason of the foregoing, and by using excessive force against Mr. Goldware, and killing him, defendants deprived him of rights, remedies, privileges, and immunities guaranteed by the New Jersey Constitution.

67. In addition, upon information and belief, defendants conspired among themselves to deprive Mr. Goldware of his constitutional rights and took numerous overt steps in furtherance of such conspiracy.

68. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as State and/or DOC officers, agents, or employees. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive Mr. Goldware of his constitutional rights secured by the New Jersey Constitution.

69. Defendants State, by its officers, agents, servants, and employees, was responsible for the deprivation of Mr. Goldware's state constitutional rights. Defendant State, as employer of each of the individual defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat</u> <u>superior</u>.

70. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### **AS AND FOR A NINTH CLAIM FOR RELIEF**
Negligence
(Against All Defendants)

71. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

72. Defendants owed a duty of care to plaintiff.

73. Defendants breached that duty of care by assaulting, beating, and using gratuitous, excessive, sadistic, and unconscionable force against Mr. Goldware and failing to

13

provide adequate medical care, resulting in his death, and failing to prevent the officer defendants from doing the same.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

75. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

76. Defendant State, by its officers, agents, servants, and employees, was responsible for the plaintiff's arrest, detention, and imprisonment during this period of time. Defendant State, as employer of the defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

## **AS AND FOR A TENTH CLAIM FOR RELIEF**
Deliberate Indifference
(Against All Defendants)

77. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

78. Defendants were deliberately indifferent to plaintiff by assaulting, beating, and using gratuitous, excessive, sadistic, and unconscionable force against Mr. Goldware and failing to provide adequate medical care, resulting in his death, and failing to prevent the officer defendants from doing the same.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

80. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

81.     Defendant State, by its officers, agents, servants, and employees, were therefore deliberately indifferent to plaintiff's civil rights.

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(A)     an order awarding compensatory and damages in an amount to be determined at trial;

(B)     an order awarding punitive damages in an amount to be determined at trial;

(C)     reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(D)     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Respectfully submitted,

Law Offices of
VIJAYANT PAWAR

Attorneys for Plaintiff


BY: _s/ Vikrant Pawar_____
DATED: March 25, 2009                VIKRANT PAWAR (VP9101)


## JURY DEMAND

Defendants request a trial by jury on all issues and counts so triable.

Law Offices of
VIJAYANT PAWAR

Attorneys for Plaintiff


BY: _s/ Vikrant Pawar_____
DATED: March 25, 2009                VIKRANT PAWAR (VP9101)

15

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

                                              Law Offices of
                                              VIJAYANT PAWAR

                                              Attorneys for Plaintiff

                                              BY:  _s/ Vikrant Pawar_____
DATED: March 25, 2009                           VIKRANT PAWAR (VP9101)